UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARITZA ANA GOMEZ                          CIVIL ACTION

VERSUS                                     NO. 25-1196

COSTCO WHOLESALE                           SECTION M (2)
CORPORATION, *et al.*

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiff Maritza Ana Gomez.[1]  Defendants

Costco Wholesale Corporation and Costco Wholesale Membership, Inc. (together, "Costco")

respond in opposition.[2]  Having considered the parties' memoranda, the record, and the applicable

law, the Court denies the motion because the nondiverse defendant, assistant store manager Aaron

Cormier, was improperly joined.

## I.    BACKGROUND

This case concerns a personal injury that occurred at a Costco store.  On October 1, 2024,

Gomez went to the Costco in New Orleans to buy a case of Prosecco wine.[3]  She alleges that when

she lifted a six pack of the Prosecco, "the bottom of the case failed causing a bottle to crash to the

floor," which caused broken glass to shoot upwards and cut her hand.[4]  Gomez filed this suit in the

Civil District Court, Parish of Orleans, State of Louisiana, against Costco, asserting that Costco's

negligence caused the accident and seeking redress for her injuries.[5]  Gomez also sued the assistant

store manager, Aaron Cormier, alleging that he "fail[ed] to properly train, manage[], or otherwise

---

[1] R. Doc. 5.
[2] R. Doc. 7.
[3] R. Doc. 1-2 at 1-2.
[4] *Id.* at 2.
[5] *Id.* at 1-6.

supervise employees who created the subject dangerous condition[.]"[6]  Costco removed the suit to this Court asserting diversity subject-matter jurisdiction under 28 U.S.C. § 1332, and arguing that Cormier's Louisiana citizenship should be disregarded because he was improperly joined as he had no personal involvement in the incident.[7]

## II.     PENDING MOTION

Gomez moves to remand this suit, arguing that complete diversity is lacking because Cormier is a properly joined defendant.[8]  Gomez also contends that, because Cormier is a Louisiana citizen, the forum-defendant rule prohibited removal.[9]  She argues that she has a viable claim against Cormier as the Costco store manager because she alleges that he was negligent for creating a dangerous condition, failing to use reasonable care, and other acts that will be shown at trial.[10]  Gomez further asserts that she should be able to engage in discovery before her claims against Cormier are dismissed.[11]

In opposition, Costco argues that Cormier was improperly joined because Gomez does not, and cannot, allege that he was personally involved in the accident.[12]  Costco points out that Gomez "does not allege that … Cormier made the champagne, the champagne bottle, the box it came in, or the glue seam at the bottom of the pre-packaged box," nor does she allege that "Cormier had anything to do with this six-pack box of champagne prior to [her] accident."[13]  As such, Costco contends that Gomez has no evidence that Cormier "created anything," much less a dangerous

---

[6] *Id.* at 3.  Gomez initially sued "Brian Turner," but amended the complaint to substitute Cormier as the assistant store manager on duty at the time of the accident.  R. Docs. 1-2; 1-5.
[7] R. Doc. 1 at 1-11.  It is undisputed that both Costco entities (citizens of California and Washington) and Gomez (a citizen of Louisiana) are of diverse citizenship.  *Id.* at 5.
[8] R. Doc. 5.
[9] R. Doc. 5-1 at 2.
[10] *Id.* at 3-6.
[11] *Id.* at 6.
[12] R. Doc. 7.
[13] *Id.* at 3, 8 (quote at 3).

condition of the store.[14]    Moreover, as assistant manager, Cormier "does not stock any merchandise, package liquor, seal the bottom of boxes with glue, or create six-pack boxes of champagne."[15]    Further, there is no allegation that Cormier or another Costco employee was personally involved in causing the accident such as by dropping merchandise on Gomez from a shelf, running into her with a cart, knocking her over with a stocking pallet, or throwing something that hit her.[16]    In sum, says Costco, Gomez's allegations against Cormier stem from his general administrative responsibilities as store manager, which cannot support a claim against him here.[17]

## III.    LAW & ANALYSIS

### A.  Removal Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties."  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)).  Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand.  *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723.

---

[14] *Id.* at 4.
[15] *Id.* at 4, 8 (quote at 4).
[16] *Id.* at 8.
[17] *Id.* at 9-10.

## B.  Forum-Defendant Rule

The forum-defendant rule is a procedural, not jurisdictional, bar to removal.  *Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (citing *In re 1994 Exxon Chem Fire,* 558 F.3d 378, 392-93 (5th Cir. 2009)).  It states that a civil action removable solely on the basis of diversity jurisdiction may not be removed if any of the properly joined and served defendants is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b)(2).  "The forum defendant rule exists because removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court, but those concerns are absent in cases where the defendant is a citizen of the state in which the case is brought."  *Stewart v. Auguillard Constr. Co.*, 2009 WL 5175217, at *3 (E.D. La. Dec. 18, 2009) (citing *Lively v. Wild Oats,* 456 F.3d 933, 940 (9th Cir. 2006)).  "The purpose of the 'joined and served' requirement is to prevent a plaintiff from stopping removal by joining a resident defendant against whom it does not intend to proceed, and whom it does not serve."  *Id.*

At the time of removal, Cormier, the Costco store manager, had not been served.[18]  Rather, Gomez had mistakenly served an attorney with the same name who had nothing to do with the incident.[19]  Because Cormier was not served at the time of removal, the forum-defendant rule is inapplicable.  28 U.S.C. § 1441(b)(2).

## C.  Improper Joinder

In addition, complete diversity is lacking here on the face of the pleadings because Gomez and Cormier are both citizens of Louisiana.  However, the lack of complete diversity does not render an action non-removable if the party in question has been improperly joined.  *Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1*, 745 F. App'x 205, 207 (5th

---

[18] R. Doc. 1 at 1.
[19] *Id.* at 1-3.

4

Cir. 2018). Instead, if a "plaintiff improperly joins a non-diverse defendant, … the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). The defendant can demonstrate improper joinder by showing either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant in state court. *Mumfrey*, 719 F.3d at 401. The improper joinder doctrine is a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). "Under the second prong (inability to establish a cause of action), the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'" *Id.* (quoting *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)). "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross*, 344 F.3d at 462 (emphasis in original). "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

In *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004), the Fifth Circuit explained the procedure used by courts to determine whether a plaintiff has improperly joined a nondiverse defendant. A court first looks "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant," and "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* at 573. However, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts

5

that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The Fifth Circuit "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. In conducting such an inquiry, the district court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Further, "[a]ny contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Id.*

Gomez brings a claim of negligence against Cormier in his individual capacity as store manager. The only allegations of Cormier's negligence appear in a generic list in which Gomez does not differentiate between the actions of Costco and those of Cormier.[20] Thus, the complaint asserts that Costco and Cormier breached their duty of care to Gomez by:

a) Creating a dangerous condition at the store;

b) Failing to properly train, manage[], or otherwise supervise employees who created the subject dangerous condition;

c) Failing to use reasonable effort to keep the premises free of the unreasonably dangerous conditions that gave rise to Ms. Gomez's damages;

d) Failing to prevent Ms. Gomez from suffering harm on the property;

e) Failing to warn Ms. Gomez of the dangerous condition existing on the property;

f) Failing to use reasonable care to keep the property free of hazardous conditions;

g) Failing to properly inspect the property;

h) Failing to provide a safe environment for customers;

i) Failing to warn Ms. Gomez of the property's unreasonable risks of harm due;

---

[20] R. Docs. 7 at 3; 1-2 at 3; 1-5.

j)  Failing to implement proper procedures to maintain a safe environment for customers;

k)  Failing to implement a proper plan to inspect and remove hazardous and unreasonable dangerous conditions;

l)  Failing to provide a hazard-free environment for Ms. Gomez on the property;

m) Failing to remedy unreasonably dangerous hazards that Defendant had actual knowledge or constructive knowledge thereof;

n)  Failing to comply with applicable building codes and regulations under local, state and federal law, including but not limited to OSHA standards; and

o)  Such other acts and omissions as will be shown at the trial, all of which were in contravention of the exercise of due care, prudence and the laws of the State of Louisiana, which are specifically pleaded herein as though comped in extenso.[21]

"The circumstances under which a corporate officer or employee can be held individually liable for injuries to third persons under Louisiana law were explained in *Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973)." *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994).  In *Canter*, the Louisiana supreme court "recognized that liability may be imposed on such individuals where the duty breached arises solely because of the employment relationship," *id.* at 936, if the following four criteria are met:

1.  The employer owes a duty of care to the third person (plaintiff) and the breach of that duty caused plaintiff's injury;

2.  The duty is delegated by the employer to the defendant employee;

3.  The defendant employee has breached this duty through personal (as contrasted with technical or vicarious) fault; and

4.  Personal liability cannot be imposed upon the defendant employee simply because of his or her general administrative responsibility for performance of some function of the employment; rather, he or she must have a personal responsibility creating a duty to the plaintiff that was not delegated to some other employee. If that responsibility was delegated to another employee, the defendant employee is not liable for its breach unless he or she personally

---

[21] R. Docs. 1-2 at 3; 1-5.

knows or should know of its non-performance or mal-performance and still fails
to cure the risk of harm.

*See Canter*, 283 So. 2d at 721; *Ford*, 32 F.3d at 936; *Miciotto v. Hobby Lobby Stores, Inc.*, 2022 WL 3210686, at *3 (5th Cir. Aug. 9, 2022) (denying motion to remand where plaintiff failed to make any specific factual allegations to demonstrate personal liability on the part of the nondiverse store employees).  Thus, in order for Cormier, the store manager, to be liable to a third party like Gomez, she "must demonstrate that the employee [Cormier] breached an independent, personal duty to ... her."  *Black v. Lowe's Home Ctrs., Inc.*, 2010 WL 4790906, at *2 (M.D. La. Oct. 22, 2010) (citing *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 958 (M.D. La. 1995); *Ford*, 32 F.3d at 935-36; and *Canter*, 283 So. 2d at 721), *adopted*, 2010 WL 4789165 (M.D. La. Nov. 17, 2010).  A store manager cannot be personally liable to a third party "'simply because of his general administrative responsibility'" as an employee.  *Giles v. Wal-Mart La. LLC*, 2016 WL 2825778, at *4 (E.D. La. May 13, 2016) (quoting *Canter*, 283 So. 2d at 721) (denying motion to remand where "[p]laintiff has not alleged that [the store manager] owed her a personal, independent duty").

Courts, applying *Canter*, have routinely denied motions to remand in factually indistinguishable cases in which the plaintiffs only alleged a breach of a store manager's general administrative responsibilities.  *See, e.g., id.* at *3 (holding nondiverse store manager to be improperly joined where plaintiff's complaint only "include[d] a boilerplate list of alleged negligent acts committed by all [d]efendants," including the store manager); *Rushing v. Wal-Mart Stores, Inc.*, 2015 WL 1565064, at *3 (E.D. La. Apr. 8, 2015) (same); *Triplett v. DG La., LLC*, 2019 WL 5309968, at *4-5 (E.D. La. Oct. 21, 2019) (same); *Robinson v. Wal-Mart Stores, Inc.*, 2016 WL 1572078, at *3 (E.D. La. Apr. 19, 2016) (denying plaintiff's motion to remand where the only allegations of negligence directed specifically at the store manager were general

administrative responsibilities); *Rodriguez v. Waffle House, Inc.*, 2021 WL 6108032, at \*4 (E.D. La. June 9, 2021) (same).

For example, in *Giles v. Wal-Mart Louisiana LLC*, the plaintiff, who was injured after a slip-and-fall in the store parking lot, alleged that the store manager was responsible for the safety and supervision of the premises.  *Giles*, 2016 WL 2825778, at \*3.  The plaintiff's complaint only contained "boilerplate" allegations of negligence against all defendants generally, without making specific allegations directed toward the store manager.  *Id.*  In particular, the plaintiff failed to allege that the store manager knew of the unsafe condition or contributed to its creation.  *Id.* at \*4. The court found that the plaintiff's allegations were generic, constituted "'a classic case of attempting to place liability upon an employee simply because of his general administrative responsibility for performance of some function of employment,'" and, consequently, did "not entail a personal duty to ensure [p]laintiff's safety." *Id.* (citing *Rushing*, 2015 WL 1565064, at \*2, \*4).  As a result, the court in *Giles* held that, because the plaintiff could not recover against the store manager under Louisiana law, the store manager was improperly joined.  *Id.*

Similarly, Gomez has stated no plausible negligence claim against Cormier.  She makes no allegation of any responsibility specific to Cormier that would give rise to a personal duty, nor does she make any allegation of personal fault.  Gomez does not allege, for example, that Cormier specifically "knew of or actively contributed to any alleged unsafe conditions," as might establish an individual duty owed to Gomez.  *Rushing*, 2015 WL 1565064, at \*4.  Instead, Gomez alleges generally that Cormier failed to keep the store free of hazards and failed to properly supervise or educate his employees.[22]  But "[t]hese assignments do not entail a personal duty to ensure [p]laintiff's safety." *Giles*, 2016 WL 2825778, at \*4 (citing *Rushing*, 2015 WL 1565064, at \*2).

---

[22] *Id.*

Rather, as in all of the indistinguishable store-manager cases discussed above, such allegations amount to "a classic case of attempting to place liability upon an employee simply because of his general administrative responsibility for performance of some function of employment."

In sum, Costco has carried its burden of demonstrating that Gomez cannot prevail on her negligence claim against Cormier and, thus, that Cormier was improperly joined. Because the properly joined parties are completely diverse, this Court has subject-matter jurisdiction under § 1332 and remand is not warranted.

**IV.    CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Gomez's motion to remand (R. Doc. 5) is DENIED.

IT IS FURTHER ORDERED that Gomez's claims against Cormier are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 8th day of August, 2025.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE