UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARITZA ANA GOMEZ | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1196 |
| COSTCO WHOLESALE MEMBERSHIP, INC., ET AL. | * | SECTION "M" (2) |

## ORDER AND REASONS

Pending before me is Republic National Distributing Company's Motion for More Definite Statement. ECF No. 36. Plaintiff Ana Maritza Gomez filed an Opposition Memorandum. ECF No. 38. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, submissions and arguments of counsel, and applicable law, Defendant's Motion for More Definite Statement is DENIED for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff filed suit in state court alleging that she sustained personal injuries when the bottom of a case holding six bottles of Proseco failed, causing glass from the broken bottles to cut her hand. ECF No. 1-2 ¶ 11. Defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. removed the case to this Court, after which Plaintiff filed an Amended Complaint adding Young's Market Company, LLC d/b/a Republic National Distributing Co. ("Republic"). ECF Nos. 1, 26. In the Amended Complaint, Plaintiff alleged that Republic distributed the Prosecco or Campo Viejo Cava Brut at issue and repeated her allegations regarding how she sustained injury. ECF No. 26 ¶¶ 8, 11.

Republic now moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. After recounting Plaintiff's allegations, Republic asserts that the

1

Complaint is vague and contains ambiguities that renders it unintelligible. ECF No. 36-1 at 3. Specifically, it asserts that Plaintiff fails to describe the unreasonably hazardous condition and suggests it cannot discern whether she refers to the box, the bottle, the premises itself or something else which implicates different theories of recovery (i.e., products or premises liability). *Id.* Republic also asserts that Plaintiff's assertion that she picked up a bottle of Prosecco or Campo Viejo Cava Brut is so vague that it prevents Republic from determining whether it actually distributed the alleged product. *Id.*

In Opposition, Plaintiff asserts that the Complaint specifically states that, while lifting the case of Prosecco, the bottom of the case fell apart, causing a bottle to crash to the floor and a piece of glass cut her. ECF No. 38 at 1. Plaintiff asserts that the Complaint provides sufficient notice as required by Rule 8 and fairly apprises Republic of the issues it must meet, and Republic can obtain any further details it seeks through discovery. *Id.* at 2-3.

## II.     **APPLICABLE LAW AND ANALYSIS**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not provide "detailed factual allegations" but must simply provide the plaintiff's grounds for entitlement to relief.[1] To satisfy Rule 8, the complaint must provide the defendant with fair notice of what plaintiff's claim is and the grounds upon which it rests.[2]

Rule 12(e) entitles a party to a more definite statement when a portion of a pleading to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response."[3] A Rule 12(e) motion must state the defects in the pleading and the details

---

[1] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[2] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).
[3] FED. R. CIV. P. 12(e). Rule 12(e) looks to "whether the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer." *Coleman v. H.C. Price Co.*, No.

2

desired.[4] Rule 12(e) essentially provides a remedy for unintelligible pleadings and is successfully invoked where "(1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice."[5]

In deciding whether to grant a Rule 12(e) motion, "[t]he trial judge is given considerable discretion."[6] Motions for more definite statements are generally disfavored because of the liberal pleading standards of Rule 8.[7] If, however, a pleading "fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[8] A Rule 12(e) order is thus a proper remedy where allegations in a complaint are "conclusory, confused, and unclear" but do not "justify dismissal of the suit on the merits and without leave to amend."[9] But discovery, not a motion for more definite statement, is the appropriate vehicle to develop the facts of the case.[10]

While Plaintiff's complaint may lack some specifics in describing her claim against Republic, it contains enough information to provide Republic with sufficient notice that she contends Republic distributed product in a defective box because the bottom dropped out when she lifted it. Her reference to "Prosecco or Campo Viejo Cava Brut" does not render her pleading so vague or ambiguous that Republic cannot reasonably respond. Indeed, Rule 12(e) is not

---

11-2937, 2012 WL 1118775, at *6 (E.D. La. Apr. 3, 2012) (citations and internal quotations omitted); *see also Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (Barbier, J.) (noting the standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it" (quoting *Advanced Commc'ns Techs., Inc. v. Li*, No. 05-4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005))).

[4] *Alford v. Chevron U.S.A. Inc*., 13 F. Supp. 3d 581, 590 (E.D. La. 2014) (Vance, J.).

[5] *Dubuque Barge & Fleeting Serv., Inc. v. Plaquemines Par. Gov't*, No. 10-0516, 2010 WL 1710372, at *2 (E.D. La. Apr. 23, 2010) (citations omitted).

[6] *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) (Vance, J.) (citation omitted).

[7] *Alford,* 13 F. Supp. 3d at 590 (citations omitted). Rule 8 simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and its basis. *Id.* at 590-91 (citations omitted).

[8] *Swierkiewicz*, 534 U.S. at 514.

[9] *Cates v. Int'l Tel. & Tel. Corp*., 756 F.2d 1161, 1180 (5th Cir. 1985); *see Adams v. Taylor-Seidenbach, Inc*., No. 25-1406, 2025 WL 3003335, at *4 (E.D. La. Oct. 27, 2025) (Fallon, J.).

[10] *Mitchell v. E-Z Way Towers, Inc*., 269 F.2d 126, 132 (5th Cir. 1959) (stating that a party may not use a Rule 12(e) motion as a substitute for discovery).

designed to address every lack of detail, and more specific information, including the particular brand of alcohol at issue, may be obtained through discovery. Of course, after a period of discovery, Defendant will have the right to seek summary judgment if there are no facts to support Plaintiff's assertions that it distributed the product at issue. At this stage, however, Republic will not be prejudiced in answering the Complaint.

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED Defendant Republic National Distributing Company's Motion for More Definite Statement is DENIED.

New Orleans, Louisiana, this __7th__ day of January, 2026.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE